UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANET VERNON                                         CIVIL ACTION

VERSUS                                               NO. 15-2083-JTM-SS

TANGIPAHOA PARISH SCHOOL
SYSTEM

## REPORT AND RECOMMENDATION

On June 16, 2015, the plaintiff, Janet Vernon ("Vernon"), filed a complaint against Tangipahoa Parish School District ("School District").  Vernon, an African-American female alleges that defendant discriminated against her when it appointed a younger African-American male to a position sought by her when he possessed fewer qualifications.  Vernon is represented by counsel.  Rec. doc. 2.

There is no record of service of the summons and complaint on the School District.  On October 9, 2015, the matter was set for the call docket on October 28, 2015.  Vernon was notified that:  (1) the 120 day deadline under Fed. R. Civ. P. 4(m) for serving the School District expired on October 16, 2015; and (2) if the School District was not served prior to October 28, 2015, the complaint would be dismissed without prejudice.  Rec. doc. 4.

Vernon did not file proof of service in the record.  Instead, on October 27, 2017 her counsel filed a motion for a continuance because:  (1) he was without transportation because his automobile was in repair; (2) he forwarded a waiver of service to the School District and expected to file the waiver shortly; and (3) he was getting married and would be out of the country.  He requested that the matter be set after November 16, 2015. Rec. doc. 5.

The matter was reset for the call docket on November 18, 2015.  The provisions of Rule 4(m) were included in the order.  Vernon was notified that if proof of service was not filed prior

to November 18, 2015, the complaint would be dismissed without prejudice. Rec. doc. 6. The Clerk's record reflects that the order was served electronically on counsel for Vernon on October 29, 2015.

No proof of service has been filed in the record nor did counsel for Vernon appear for the call docket or contact the Court.

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998); Hulsey v. State of Tex., 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). Such a dismissal is considered to be an adjudication on the merits. Hughes v. City of Houston, 78F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139.

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the Court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Although Vernon is represented by counsel, her counsel has been given more than five months to serve the School District. Vernon's counsel

is aware of the requirements of Rule 4(m) and the penalty for failure to serve the School District. Responsibility for the failure to serve timely the defendant must be imposed on Vernon.

## RECOMMENDATION

IT IS RECOMMENDED that the complaint of Janet Vernon be DISMISSED WITHOUT PREJUDICE.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of November, 2015.

                                                                                SALLY SHUSHAN
                                                                                U.S. Magistrate Judge