UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET VERNON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-2083** |
| **TANGIPAHOA PARISH SCHOOL BOARD** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 9). For the following reasons, the Motion is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Plaintiff Janet Vernon is an African American female who is more than 40 years old and who has more than 25 years of experience as a career educator with Defendant Tangipahoa Parish School System. She alleges that on or about May 2014, Defendant discriminated against her when a younger black male with fewer qualifications was appointed to a principal position "in lieu of allowing defendant to apply for the position." Plaintiff's Complaint asserts claims for racial discrimination under Title VII of the Civil Rights Act of 1964

1

("Title VII") and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Defendant Tangipahoa Parish School System filed the instant motion, requesting dismissal for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review "is limited to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[7]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] *Jones v. Bock*, 549 U.S. 199, 215 (2007).

2

## LAW AND ANALYSIS

Defendant's motion sets forth arguments for dismissing each of Plaintiff's claims. This Court will address each in turn.

### A. Age Discrimination

Defendant argues that Plaintiff's claim for age discrimination should be dismissed because she has failed to exhaust the administrative remedies available to her on that claim. Specifically, Defendant argues that Plaintiff did not include any allegations of age discrimination in her charge to the EEOC. "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief."[8] "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance."[9] The Fifth Circuit has stated that "a Title VII lawsuit may include allegations 'like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission.'"[10]

Plaintiff admits that she "did not allege age discrimination in her charge against the Tangipahoa Parish School Board filed with the EEOC but did allege racial and sex discrimination." Accordingly, it is clear that Plaintiff cannot now bring a claim for age discrimination in this Court. Such a claim does not grow out of the allegations made before the EEOC, and she has

---

[8] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).
[9] *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).
[10] *McClain*, 519 F.3d at 273.

3

therefore failed to exhaust her administrative remedies. Plaintiff's age discrimination claim is dismissed.

### B. Racial Discrimination

Defendant alleges that Plaintiff's Complaint fails to state a claim for racial discrimination. In order for Plaintiff to prove a prima facie case of racial discrimination, she must show that (1) she was not promoted, (2) she was qualified for the position she sought, (3) she fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of her race.[11]

Plaintiff, an African American, has alleged that she was not allowed to apply for the principal position at issue, and that instead, an African American male was hired. Accordingly, Plaintiff's Complaint fails to satisfy the fourth prong required to allege a prima facie case of racial discrimination. Although Plaintiff, as an African American, is a member of a protected class, a member of that same protected class was chosen for the position at issue. Accordingly, Plaintiff cannot state a claim for racial discrimination, and her claim is therefore dismissed.

### CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to

---

[11] *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2013).

amend her Complaint within 20 days of this Order to the extent that she can plausibly state a claim under which relief can be granted.

      New Orleans, Louisiana this 8th day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**