**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**JANET VERNON**                                       **CIVIL ACTION**

**VERSUS**                                             **NO: 15-2083**

**TANGIPAHOA PARISH SCHOOL BOARD**          **SECTION: "H"(1)**

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Dismiss (Doc. 24). For the following reasons, the Motion is GRANTED IN PART.

**BACKGROUND**

Plaintiff Janet Vernon is an African-American female who is more than 40 years old and who has more than 25 years of experience as a career educator with Defendant Tangipahoa Parish School System. In her original complaint, she alleged that on or about May 2014, Defendant discriminated against her when a younger, African-American male with fewer qualifications was appointed to a principal position "in lieu of allowing defendant to apply for the position." Following a Motion to Dismiss, Plaintiff's claims for age and race discrimination were dismissed, and she was granted leave to amend. In her Amended Complaint, Plaintiff again alleges race discrimination and also adds a claim for sex discrimination regarding the principal position. Her Amended

1

Complaint further alleges that on or about May 2014, Defendant discriminated against her when a white female with fewer qualifications was selected to the position of career technical supervisor in lieu of Plaintiff.  She asserts claims for racial and sexual discrimination in regards to the career technical supervisor position as well.  Defendant Tangipahoa Parish School Systems has filed its Second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1]  A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The court need not, however, accept as true legal conclusions couched as factual allegations.[4]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]  The court's review "is limited to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[7]

---

[1] *Ashcroft v. Iqbal*, 566 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255-257.
[7] *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## LAW AND ANALYSIS

Defendant's motion sets forth arguments for dismissing each of Plaintiff's claims. This Court will address each in turn.

### A. Claims Regarding The Position of Principal

Defendant moves to dismiss Plaintiff's claims of race and sex discrimination regarding the position of principal.

#### a. Race

First, Defendant alleges that Plaintiff's Complaint fails to state a claim for racial discrimination. In order for Plaintiff to prove a prima facie case of racial discrimination, she must show that (1) she was not promoted, (2) she was qualified for the position, (3) she fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of her race.[8]

Plaintiff, an African-American woman, has alleged that she was not allowed to apply for the principal position at issue, and that instead, an African American male was hired.  Accordingly, Plaintiff's Complaint fails to satisfy the fourth prong required to allege a prima facie case of racial discrimination. Although Plaintiff, as an African American, is a member of a protected class, a member of that same protected class was chosen for the position at issue. Accordingly, because Plaintiff cannot state a claim for racial discrimination, her claim is dismissed.

#### b. Sex

Defendant also argues that the Plaintiff's claim for discrimination based upon sex should be dismissed because she has failed to state a claim. Specifically, Defendant argues that Plaintiff's claim for discrimination based

---

[8] *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2013).

on sex should be dismissed because the Complaint does not allege that the Plaintiff exhausted her administrative remedies.  "If an employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim."[9]  Defendant has not, however, provided this Court with any case in which a court has dismissed a discrimination claim for the mere failure to *allege* exhaustion of remedies.  This Court has found that courts are primarily concerned with whether the plaintiff has actually exhausted his administrative remedies and received a right to sue letter.[10]  Here, Plaintiff has produced both her EEOC charge and a right to sue letter from the EEOC in response to this Motion to Dismiss.[11]  Accordingly, it is clear that although it is not alleged in the Complaint, Plaintiff has exhausted her administrative remedies.

In addition, Plaintiff's Complaint alleges a prima facie case of sex discrimination.  In order for Plaintiff to establish a prima facie case of discrimination based on sex, she must show that "(1) she is a member of a protected class, (2) she was qualified for the position she sought, (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably."[12]  Plaintiff, a woman, has alleged that she was not allowed to apply for the principal position at issue, and that instead, a man was hired.  An examination of the Amended Complaint reveals that Plaintiff has pled facts to support all four elements of a prima facie case.  First, she alleges that she is a member of a protected group as a woman.

---

[9] *Boudreaux v. St. Charles Mosquito Control, Inc.*, No. CIV.A. 09-7789, 2010 WL 2854276, at *2 (E.D. La. July 19, 2010).

[10] *See Lynette M. Banks v. Hazlehurst City Schools, et al.*, No. 3:15CV355-DPJ-FKB, 2016 WL 2654369, at *3 (S.D. Miss. May 4, 2016) ("[C]ourts have routinely dismissed cases in which the plaintiff did not allege that they received a right-to-sue letter or failed to present evidence that such a letter had issued."); Shabazz v. Texas Youth Comm'n, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003)

[11] Doc. 26-1.

[12] *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Second, she alleges that is qualified for the position for which she was denied the opportunity to apply.  Third, she alleges the adverse action of being denied the opportunity to interview for the principal position.  Finally, she alleges that she was denied this opportunity in lieu of a male appointee.  Accordingly, Plaintiff has pled facts that, if accepted as true, establish a prima facie case of sex discrimination.  Defendant's request to dismiss this claim is denied.

## B. Claims Regarding the Position of Career Technical Supervisor

Defendant argues that Plaintiff's claim regarding discrimination in the selection of a career technical supervisor, is "time-barred and cannot be sustained."  Claimants have the right to file a civil action "within ninety days" after receiving "Notice of Suit Rights" from the Equal Employment Opportunity Commission.[13]  Title VII claims not brought within this 90-day period are barred.[14]  This 90-day limitation period is strictly construed and applied.[15]  Plaintiff admits that she received the right to sue letter "on or about March 16, 2015."  Plaintiff did not bring a claim regarding the career technical supervisor position until the filing of her Amended Complaint on March 15, 2016, well past the 90-day limitation period.

Plaintiff's addition of these allegations in her amended Complaint cannot circumvent this limitation period.  After the statute of limitations has run, a party may amend a pleading "despite an applicable statute of limitations in situations where the parties to litigations have been sufficiently put on notice of facts and claims which may give rise to future, related claims."[16]  "An amendment [to a claim] 'relates back' to the date of the original pleading if 'the amendment asserts a claim or defense that arose out of the conduct,

---

[13] 42 U.S.C. § 2000e-5(f)(1).

[14] *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

[15] *Id.*

[16] *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

transaction, or occurrence set out—or attempted to be set out—in the original pleading.'"[17]  This is accomplished if "the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation."[18]  In determining if the Amended Complaint relates back to the initial Complaint, "the focus is 'not . . . the caption given a particular cause of action, but . . . the underlying facts upon which the cause of action is based.'"[19]

Plaintiff, in her original complaint, alleged discrimination based solely on the selection of another candidate for the position of principal.  Her new allegations arise out of a wholly new and separate set of facts regarding a position not mentioned in the initial complaint.  These new allegations do not arise out of the same conduct, transaction, or occurrence set out in the original pleading.  Because these claims do not relate back,  they are time-barred.  Accordingly, her claims related to the position of career technical supervisor are dismissed.[20]

**C. Claims Pursuant to § 1981**

Defendant argues that Plaintiff's claims under § 1981 have prescribed and should be dismissed.  "Section 1981 refers to racial discrimination in the making and enforcement of contracts and is designed to include a federal remedy against discrimination in employment on the basis of race."[21]  This Court has already held that Plaintiff cannot succeed in a racial discrimination claim regarding the principal position.  Accordingly, only a § 1981 claim

---

[17] *Kreger v. General Steel Corp.*, No. 07–575, 2011 WL 335593, at *1 (E.D. La. Jan. 31, 2011) (citing Fed. R. Civ. Proc. 15(c)(1)(B)).

[18] *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968).

[19] *Johnson v. Crown Enter., Inc.*, 398 F.3d 339, 342 (5th Cir. 2005) (quoting *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991)).

[20] Moreover, Plaintiff's claim of sex discrimination in regards to the position of career technical supervisor would fail because she alleges that another woman was hired instead.

[21] *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir. 1983).

regarding the career technical supervisor position may remain.   Defendant argues that this claim should be dismissed as prescribed.

"Although Section 1981 . . . ha[s] no statute of limitations, the Louisiana statute is applicable to suits in federal court under Section 1981 . . . ."[22]   The Louisiana Civil Code "provides for a one year prescriptive period from the date of injury or damage."[23]   According to Plaintiff's Amended Complaint, the alleged discrimination occurred at some point "on or about May 2014." Plaintiff did not bring her claims regarding the career technical supervisor position until she amended her Complaint on March 15, 2016, well outside of the one year prescriptive period.   Accordingly, Plaintiff's § 1981 claims are dismissed.

### D. Leave to Amend

In opposing this motion, Plaintiff seeks leave to amend her pleadings. Although "leave to amend pleadings 'shall be freely given when justice so requires,'" it is by no means automatic.[24]   "[T]he decision to grant or to deny a motion for leave to amend lies within the sound discretion of the trial court."[25] However, dismissal with prejudice is appropriate where, as here, the deficiencies in Plaintiff's complaint are incurable.[26]

This Court has held that Plaintiff's claims regarding the career technical supervisor position and Plaintiff's § 1981 claim are time-barred, and amendment as to those claims would therefore be futile.   Furthermore, amendment cannot remedy the deficiencies in Plaintiff's racial discrimination claim regarding the principal position.   Accordingly, leave to amend is denied.

---

[22] *McKenzie v. St. Tammany Parish School Bd.*, 2006 WL 2054391, *1 (E.D. La. 2006) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).
[23] *Id.*
[24] *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir. 1981) (quoting Fed. R. Civ. Proc. Rule 15(a)).
[25] *Id.*
[26] *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

## CONCLUSION

For the foregoing reasons the Motion is GRANTED IN PART.  Plaintiff's claims regarding the career technical supervisor position, Plaintiff's claim of race discrimination regarding the position of principal, and Plaintiff's § 1981 claims are DISMISSED WITH PREJUDICE. Only Plaintiff's claim of sex discrimination regarding the principal position survives. Leave to amend is denied.

New Orleans, Louisiana this 6th day of June, 2016

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**