# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET VERNON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-2083** |
| **TANGIPAHOA PARISH SCHOOL BOARD** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 42). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Following a series of motions to dismiss, Plaintiff Janet Vernon's only remaining claim is for sex discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff, who worked as an assistant principal in the Defendant Tangipahoa Parish School System, alleges that she applied for the position of principal at O.W. Dillon Elementary School in May of 2014. She alleges that she was denied the opportunity to interview for the position and that instead a man, H.W., was selected to fill the position. It is undisputed that although the Superintendent collected applications for the position, none of the applicants were interviewed or hired. Instead, H.W., a principal at a high school in the district, was administratively transferred to fill the position.

1

There were seven female applicants and one male applicant for the position. Defendant has moved for summary judgment on this claim.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

In order for Plaintiff to succeed in her Title VII claim of discrimination based on sex, she must show that "(1) she is a member of a protected class, (2) she was qualified for the position she sought, (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably."[9] Discrimination claims are evaluated under the *McDonnell Douglas* burden-shifting framework:

> A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. Where the plaintiff offers circumstantial evidence, the *McDonnell Douglas* framework requires the plaintiff to establish a prima facie case of discrimination, which, if established, raises a presumption of discrimination. The employer must then produce a legitimate nondiscriminatory reason for the adverse employment decision. Once the employer produces a legitimate nondiscriminatory reason, the presumption of discrimination dissipates. The plaintiff bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status. To carry that burden, the plaintiff must produce substantial evidence of pretext. The plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates. A plaintiff may establish pretext by showing that a discriminatory motive more likely motivated her employer's decision, such as

---

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

3

through evidence of disparate treatment, or that [her employer's] explanation is unworthy of credence.[10]

Defendant does not dispute that Plaintiff is a member of a protected class and was qualified for the principal position. Rather, it argues that Plaintiff cannot show the latter two prongs required to establish a prima facie case of sex discrimination—that is, that she suffered an adverse employment action and that she was treated less favorably than other similarly situated employees outside of the protected group. Defendant also argues that Plaintiff cannot show that its legitimate, non-discriminatory reason is pretext. This Court will consider each argument in turn.

### A. Adverse Employment Action

First, Defendant argues that not being permitted to interview for a position is not an adverse employment action. The Fifth Circuit has stated that "[f]or Title VII . . . discrimination claims, we have held that adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating. '[A]n employment action that does not affect job duties, compensation, or benefits is not an adverse employment action.'"[11] Plaintiff, however, appears to construe Defendant's action as the denial of a promotion. "It is . . . well established . . . that the denial of a promotion *is* an actionable adverse employment action."[12] Considering the facts in the light most favorable to Plaintiff, this Court finds that the denial of the opportunity to interview for a position that would have resulted in a promotion could arguably be construed as the denial of a

---

[10] *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (internal citations and quotations omitted).
[11] *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007)).
[12] *Alvarado*, 492 F.3d at 612.

4

promotion and therefore an adverse employment action.[13] However, because this Court ultimately finds that Defendant's non-discriminatory reason is not pretext, it need not decide this unique issue.

### B. Similarly Situated Employees

Defendant next argues that Plaintiff cannot show that she was treated less favorably than similarly situated employees because none of the applicants for the position of principal, including one man, was interviewed. Plaintiff, however, argues that the relevant comparison is to H.W., the male employee who was transferred to fill the position in lieu of Plaintiff. The Fifth Circuit has stated that in order to satisfy this prong in a denial of promotion case, a plaintiff need only show that "the position she sought was filled by someone outside the protected class."[14] Plaintiff can show that a man was selected to fill the position she sought, and she therefore could satisfy this prong if Defendant's action is deemed a denial of promotion.

### C. Legitimate Non-Discriminatory Reason

Assuming Plaintiff can establish a prima facie case of sex discrimination, this Court considers Defendant's legitimate, non-discriminatory reason for selecting a male to fill the position. Defendant states that H.W. was administratively transferred from his position as a high school principal to the position at O.W. Dillon Elementary School for administrative reasons. Specifically, they show that the majority of H.W.'s experience was at the elementary school level and that there were concerns about his performance at the high school level. Defendant determined that a transfer to an elementary

---

[13] *See Blow v. City of San Antonio, Tex.*, 236 F.3d 293, 296 (5th Cir. 2001) (holding that a prima facie case of discrimination was established when the plaintiff submitted her application but was not interviewed for a position as supervisor at the library in which she worked).

[14] *Id.*

school would "afford him the opportunity to be more successful in his area of expertise." Defendant contends that the applications for the position of principal at O.W. Dillon were never reviewed and that the school board's Superintendent was not aware of who had applied for the position when he made the decision to administratively transfer H.W.

Plaintiff has not submitted a shred of evidence that Defendant's legitimate, non-discriminatory reason is pretext. She states that she felt that she was not selected for the position based on her gender because she had applied for several other positions with the school board and men were selected to fill those positions. Plaintiff admitted in her deposition, however, that several of those positions were filled by men who were more qualified than she and others were filled by women. Indeed, Plaintiff even admitted that H.W. was more qualified for the principal position at O.W. Dillon than she was.[15] Accordingly, Plaintiff has not created a genuine issue of fact as to whether Defendant's non-discriminatory reason for not interviewing her for the principal position is pretext. Plaintiff cannot therefore succeed in her claim for gender discrimination.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, and this case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 22nd day of May, 2017

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] This statement was not taken out of context as Plaintiff argues. She stated "Hugh Wallace. He was more qualified." Doc. 42-5, p. 2.